1  SEYFARTH SHAW LLP
   Eric M. Lloyd (SBN 254390)
2  elloyd@seyfarth.com
   560 Mission Street, Suite 3100
3  San Francisco, California 94105
   Telephone:    (415) 397-2823
4  Facsimile:    (415) 397-8549

5  SEYFARTH SHAW LLP
   Danielle Al-Chalati-Moeller (SBN 298320)
6  E-mail: dal-chalati-moeller@seyfarth.com
   601 S. Figueroa Street, Suite 3300
7  Los Angeles, California 90017
   Telephone:    (213) 270-9701
8  Facsimile:    (310) 561-8301

9  Attorneys for Defendant
   LOWE'S HOME CENTERS, LLC
10

11               UNITED STATES DISTRICT COURT

12               NORTHERN DISTRICT OF CALIFORNIA

13

| | |
|---|---|
| 14 TORREN LAGORIO, an individual, | Case No. 4:22-cv-6273 |
| 15                Plaintiff, | Judge Haywood S. Gilliam Jr. |
| 16      v. | (Contra Costa Superior Court, Case No. C22-01899) |
| 17 | **JOINT STIPULATION TO SUBMIT MATTER TO ARBITRATION; ORDER** |
| 18 LOWE'S HOME CENTERS, LLC, a North Carolina Limited Liability Company; and DOES 1-50, inclusive, | |
| 19 | Complaint Filed: September 7, 2022 |
| 20                Defendants. | Trial Date: None Set |

21
22
23
24
25
26
27
28

JOINT STIPULATION TO SUBMIT MATTER TO ARBITRATION; ORDER

Plaintiff Torren Lagorio ("Plaintiff"), and Defendant Lowe's Home Centers, LLC ("Lowe's") (all parties collectively "Parties"), by and through their respective counsel stipulate as follows.

1. Plaintiff and Lowe's entered into an Agreement to Arbitrate. Attached hereto as Exhibit A is a true and correct copy of this document.

2. On September 7, 2022, Plaintiff filed the Complaint in the above-captioned matter in Contra Costa County Superior Court alleging four causes of action against Lowe's.

3. On October 20, 2022, Lowe's removed this matter to the United States District Court of California, Northern District.

4. The Parties agree that all of the causes of action alleged in Plaintiff's Complaint are subject to the Arbitration Agreement.

5. The Parties agree to submit the causes of action alleged in his Complaint to arbitration, with the following modifications to the "Agreement to Arbitrate Disputes":

    A. The Arbitrator will issue a decision or award in writing, stating the essential findings of fact and conclusions of law. The Arbitrator may award any party any remedy to which that party is entitled under applicable law, but such remedies shall be limited to those that would be available to a party in a court of law for the claims presented to and decided by the Arbitrator. A court of competent jurisdiction will have the authority to enter a judgment upon the award made pursuant to the arbitration.

6. The parties agree to meet and confer to choose an arbitrator that is mutually agreeable to both parties.

7. This action shall be dismissed with prejudice.

**IT IS SO STIPULATED.**

| | |
|---|---|
| DATED:  November 14, 2022 | SEYFARTH SHAW LLP |
| | By: */s/ Eric M. Lloyd*<br>Eric M. Lloyd<br>Danielle Al-Chalati-Moeller |
| | Attorneys for Defendant<br>LOWE'S HOME CENTER, LLC |
| DATED: November 14, 2022 | BROCK & GONZALES, LLP |
| | By:*/s/  Christina R. Kerner*<br>Christina R. Kerner, Esq.<br>D.  Aaron Brock, Esq. |
| | Attorneys For Plaintiff<br>Torren Lagorio |

**ORDER**

Pursuant to the Parties' stipulation and good cause appearing, the Court orders as follows:

1. Plaintiff must submit the causes of action alleged in his Complaint to arbitration in accordance with the terms of the Stipulation and the Arbitration Agreement, along with the Parties' agreed upon modification to the "Agreement to Arbitrate Disputes":

    A. The Arbitrator will issue a decision or award in writing, stating the essential findings of fact and conclusions of law. The Arbitrator may award any party any remedy to which that party is entitled under applicable law, but such remedies shall be limited to those that would be available to a party in a court of law for the claims presented to and decided by the Arbitrator. A court of competent jurisdiction will have the authority to enter a judgment upon the award made pursuant to the arbitration.

2. The Parties agree to meet and confer to choose an arbitrator that is mutually agreeable to both parties.

3. Should the terms of the Arbitration Agreement conflict with the terms of the Stipulation, the terms set forth in the Stipulation control.

4. This action is dismissed with prejudice.

**IT IS SO ORDERED.**

DATED: 11/15/2022

_____
Judge Haywood S. Gilliam Jr.